| | |
|---|---|
| 1st JUDICIAL DISTRICT COURT<br><br>Jefferson Combined Court<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: October 24, 2017 9:20 PM<br>FILING ID: 74D717F858F3C<br>CASE NUMBER: 2017CV31638 |
| **Plaintiff:** DANA MORROSIS<br><br>v.<br><br>**Defendant:** SECURA INSURANCE HOLDINGS, INC., a Wisconsin insurance company; and SECURA SUPREME INSURANCE COMPANY, a Wisconsin insurance company. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Adrienne M. Tranel, #40968<br>Law Office of D. Chadwick Calvert<br>7354 S. Alton Way<br>Centennial, Colorado 80112<br>Attorneys for Plaintiff<br>Phone Number: (303) 740-7040<br>Fax Number: (303) 740-3157<br>Email: atranel@dcclawoffice.com | Case No:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Dana Morrosis, ("Plaintiff"), by and through her attorneys, Law Office of D. Chadwick Calvert, LLC, for her Complaint against Secura Insurance Holdings, Inc., and Secura Supreme Insurance Company (collectively, "Secura"), a Wisconsin Insurance Company, alleges and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident and citizen of the State of Colorado with her principal residence located at 8464 S. Upham Way, Littleton, CO 80128.

2. Secura is an Insurance Company identified as both Secura Insurance Holdings, Inc., and/or Secura Supreme Insurance Company, with a principal office located at 2401 S. Memorial Drive, Appleton, Wisconsin 54915-1429, and a registered agent of Daniel P. Ferris,

2401 S. Memorial Drive, Appleton, WI 54915-1429, that can be found doing business and servicing claims of its insureds in Jefferson County, Colorado.

3.  Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

4.  On January 23, 2016, Plaintiff was injured in a motor vehicle collision caused by Laura Riedel.

5.  At approximately 4:40 p.m. on January 23, 2016, Plaintiff was the restrained driver of a blue 2003 Chevy Cavalier. Plaintiff was traveling on C470 and merging onto the I-70 East/6th Avenue exit. In the merging lane, several cars were merging and traffic was slowing to accommodate the merging traffic. Plaintiff braked and stopped for traffic in front of her, but tapped the 2013 Jetta Sedan, driven by Steven Deheld, in front of her.

6.  At the same time and location, Laura Riedel was driving a blue 2002 Dodge Dakota Truck, and was driving in the merging area of C470 and I-70 East/ 6th Avenue, directly behind and in the same lane of travel as Plaintiff. When Plaintiff stopped for traffic in front of her, Ms. Riedel failed to keep a proper look-out and stop for traffic in front of her, and the Dodge Dakota collided into the rear of Plaintiff's vehicle. Plaintiff's vehicle was damaged on the bumper, tail light and trunk.

7.  Laura Riedel operated her vehicle in a negligent and/or careless manner which impact with the Plaintiff's vehicle caused Plaintiff to suffer severe and permanent injuries and damages.

8.  As a direct and proximate result of Riedel's negligence and/or carelessness, as described above, Plaintiff suffered personal injuries.

9.  As a direct and proximate result of Riedel's negligence and/or carelessness, Plaintiff has suffered permanent injuries and has incurred reasonable and necessary medical expenses.

10.  As a direct and proximate result of the negligence and/or carelessness of Laura Riedel, Plaintiff has in the past endured pain and suffering and will in the future endure pain and suffering; has incurred the services of doctors, nurses and hospitals and will in the future incur the services of doctors, nurses and/or hospitals; has been required to obtain medicines and medical equipment and will in the future be required to obtain medicines and medical equipment; has in the past suffered the loss of enjoyment of a full and complete life and continues to suffer a loss of enjoyment of a full and complete life; has in the past suffered a physical impairment and continues to have a physical impairment, all to her damage, in an amount to be determined at the time of trial.

11.  At the time of the collision, Ms. Laura Riedel, the driver of the vehicle which collided with Plaintiff's vehicle, was uninsured.

12. At the time of the collision, Plaintiff maintained an insurance policy issued by Defendant Secura Insurance Holdings, Inc. and/or Secura Supreme Insurance Company. This policy provided up to one hundred thousand dollars per person and three hundred thousand per occurrence of uninsured/underinsured ("UM/UIM") coverage in the event Plaintiff was injured in a collision caused by a driver with no insurance or too little insurance.

13. Pursuant to the policy provisions of Secura's UM vehicle coverage, Laura Riedel was an "uninsured" driver as she did not have liability insurance for the purposes of compensating Plaintiff's past, present and future economic and non-economic damages.

14. On January 28, 2016, counsel for Plaintiff submitted to Secura Insurance Holdings, Inc., and/or Secura Supreme Insurance Company, a letter notifying Secura of counsel's representation of Plaintiff.

15. On February 2, 2016, Claims Representative Nicole Boesken sent a letter to counsel for Plaintiff with a copy of Plaintiff's insurance policy and requesting Plaintiff's medical records.

16. On April 11, 2016, Claims Representative Eric S. sent a letter requesting a recorded statement from Plaintiff.

17. On April 27, 2016, Plaintiff provided a recorded statement to Secura.

18. On April 27, 2016, counsel for Plaintiff sent photographs of Plaintiff's vehicle.

19. On April 28, 2016, Secura requested, via email, the information for Laura Riedel, which counsel for Plaintiff sent via e-mail on April 28, 2016.

20. On May 2, 2016, counsel for Plaintiff sent, via e-mail, information to Secura regarding the damage on her vehicle from the January 23, 2016, collision.

21. On November 9, 2016, counsel for Plaintiff submitted to Secura an eight-page letter including all of Plaintiff's medical records and bills, including approximate medical bills to date of $25,041.73, and information pertaining to the collision.

22. On December 7, 2016, Claims Representative Sarah B. sent a letter to counsel for Plaintiff requesting medical records for five years prior to the January 23, 2016, collision, and photographs of the "front end damage…on the front passenger side of [Plaintiff's] vehicle."

23. On December 20, 2016, counsel for Plaintiff forwarded the requested photographs to Ms. Sarah Bishop at Secura, a signed medical authorization, and a list of Plaintiff's prior medical care providers, in order for Secura to obtain Plaintiff's medical records for the five years prior to the January 23, 2016, collision.

24. On January 17, 2017, counsel for Plaintiff forwarded updated medical records and bills to Ms. Sarah Bishop at Secura, including the photographs and information previously sent on December 20, 2016.

25. On May 31, 2017, Jay M. Ottow of Secura responded with a letter that Plaintiff's claim had been reviewed, and enclosed a biomechanical analysis, but refused to pay the entirety of Plaintiff's medical bills.

26. On June 20, 2017, counsel for Plaintiff re-sent Plaintiff's medical bills and records to Secura, including a total to date of $38,983.69 in medical bills, and requesting a new review since it appeared Secura had reviewed only half of Plaintiff's medical records and bills.

27. On August 29, 2017, Jay Ottow of Secura responded that Secura had evaluated the claim and provided a check for less than the full amount of Plaintiff's medical bills.

28. On September 6, 2017, Sarah Bishop e-mailed counsel for Plaintiff that, although counsel for Plaintiff disagreed with the biomechanical analysis, no additional information was received and any new information should be forwarded to Mr. Mayer at Nathan, Dumm & Mayer, P.C.

29. Defendant Secura Insurance was not interested in understanding the true nature of Plaintiff's damages arising from her January 23, 2016, motor vehicle collision.

30. Defendant Secura Insurance unreasonably delayed its investigation into Plaintiff's claim.

31. Defendant Secura Insurance did not conduct a reasonable investigation into Plaintiff's uninsured motorist claim.

32. Because Secura Insurance did not conduct a reasonable investigation into Plaintiff's uninsured motorist claim, a genuine dispute regarding the value of Plaintiff's uninsured motorist claim has never existed.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Negligence-UIM Claim)

Plaintiff incorporates and makes a part of this first claim for relief each and every paragraph of the General Allegations.

33. Laura Riedel had a duty to exercise reasonable care in the operation of her motor vehicle upon the public roadways of the State of Colorado.

34.     Riedel breached this duty failing to stop for traffic ahead of her and subsequently colliding her vehicle into the rear of Plaintiff's vehicle.

35.     As a direct and proximate result of the negligence of Riedel, Plaintiff has been damaged as stated above.

**WHEREFORE**, Plaintiff prays following the Fourth Claim for Relief.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations.

36.     Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant.

37.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

38.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff's.

39.     At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

40.     Defendant has breached its contract with Plaintiff by delaying and denying benefits due to Plaintiff under the policy.

41.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages in an amount to be proved at the time of trial.

**WHEREFORE,** Plaintiff prays following the Fourth Claim for Relief.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations and the Second Claim for Relief.

42.     As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from

deceptive or misleading practices, and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

43. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

44. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including, but not limited to:

   a. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;
   b. Seeking to discover only evidence that defeated its insured's (Plaintiff's) claims;
   c. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;
   d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;
   e. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
   f. Failing to respond to reasonable requests for information from its insured;
   g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;
   h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;
   i. Forcing Plaintiff into the costly and lengthy process of litigation;
   j. Failing to conduct a thorough and complete evaluation of Plaintiff's claim;
   k. Utilizing biased personnel to provide medical causation and future care opinions, and relying upon these opinions in evaluating Plaintiff's claim;
   l. Any further acts which may be discovered.

45. Defendant's conduct was unreasonable, and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

46. As a result of the breach of the duty of good faith and fair dealing, Plaintiff Dana Morrosis suffered additional damages and injuries including, without limitation, foregoing medical treatment due to Defendant's unreasonable delay.

**WHEREFORE,** Plaintiff prays following the Fourth Claim for Relief.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations and the Second and Third Claims for Relief.

47. Defendant's delay and denial of Plaintiff's claim for underinsured motorist benefits was unreasonable.

48. Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

**WHEREFORE**, Plaintiff, Dana Morrosis, requests that Judgment be entered in her favor and against Defendant, Secura Insurance Holdings, Inc., and Secura Supreme Insurance Company (collectively "Secura"), a Wisconsin insurance company. Plaintiff requests that Judgment be entered against Secura for economic, non-economic, impairment, disfigurement and all other damages as set forth in this Complaint and which may be proven at the time of trial, interest from the date permitted by law, cost of this suit, reasonable attorney's fees and expert witness fees. Additionally, Plaintiff requests such other relief as this Court may deem just and proper.

Respectfully submitted this 24th day of October, 2017.

Law Office of D. Chadwick Calvert

*/s/    Adrienne M. Tranel, Esq.*
Adrienne M. Tranel, #40968

Plaintiff's Address:
Dana Morrosis
8464 S. Upham Way
Littleton, CO 80128

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signature(s) is maintained by The Law Office of D. Chadwick Calvert, LLC, and will be made available for inspection by other parties or the Court upon request.*